UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-399-H

THE NETHERLANDS INSURANCE
COMPANY                                                                          PLAINTIFF

v.

TRIPLETT STRIPING INC.                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, The Netherlands Insurance Company ("Netherlands"), seeks a declaratory

judgment that it has no obligation to defend or indemnify its insured, Triplett Striping, Inc.

("Triplett" or "Defendant"), in connection with an alleged kerosene leak at a work site in

Louisville.  In a April 1, 2011 letter, Thorntons Inc. ("Thorntons") claimed Triplett ruptured a

supply line while repairing concrete at a gas station, causing damages for clean-up and

environmental remediation.  Netherlands argues a "total pollution exclusion" clause in Triplett's

insurance contract precludes any coverage for the Thorntons incident.

There are some procedural and jurisdictional issues which require the Court's attention

first.  Triplett has moved to dismiss this action, arguing the Court should decline to exercise its

discretionary jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, because a

pending Indiana state court action will completely resolve this dispute.  After carefully

considering these circumstances, the Court concludes that the Indiana court should decide the

issue.

I.

Triplett held commercial general liability ("CGL") and umbrella insurance policies at the

time it allegedly caused the kerosene leak at the Thorntons gas station. Both policies were issued on paper bearing the mark of "Indiana Insurance, Member of Liberty Mutual Group[1]," and had the same coverage dates and issuing agent, Neace Lukens. The CGL policy notes that "coverage is provided in The Netherlands Insurance Company - A Stock Company," while the umbrella policy states "coverage is provided in Indiana Insurance Company." Triplett paid its premiums on both policies to Indiana Insurance Company ("IIC").

Both Thorntons and Triplett separately notified Triplett's insurance agent, Neace Lukens, about Thorntons' claim. Triplett soon after received a letter from a "Specialty Claims Consultant" at Liberty Mutual that noted IIC issued policy number CBP8390377, the CGL policy. The letter explained that the CGL policy included a pollution exclusion which might bar coverage of any loss on the Thorntons claim, depending on whether Kentucky or Indiana law applied. The letter did not mention Netherlands.

Netherlands filed this action on July 15, 2011, seeking a declaratory judgment that it owes no coverage on the CGL policy because of the pollution exclusion clause. Thorntons intervened to protect its interests because Triplett may not be able to satisfy a judgment without the insurance coverage at issue. On September 27, 2011, Triplett filed an action in Indiana state court against Netherlands and IIC for breach of the insurance policies and a declaratory judgment as to coverage for the Thorntons claim. Triplett then filed this motion to dismiss. Netherlands removed the Indiana action to federal court, claiming Triplett, an Indiana resident, fraudulently joined IIC to defeat diversity jurisdiction. The District Court for the Southern District of Indiana held IIC was not fraudulently joined and remanded the case to Indiana state

---

[1] Netherlands' corporate disclosure statement notes that Liberty Mutual Group Inc. is a corporate parent.

court.

II.

The Declaratory Judgment Act confers substantial discretion on this Court to decide whether to exercise jurisdiction and declare the rights of the litigants. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). Asserting jurisdiction over a declaratory judgment action is not mandatory and "at times the better exercise of discretion favors abstention." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942). The Sixth Circuit has focused on five factors in considering whether district courts properly exercise their discretion to assert jurisdiction:

> (1) whether the declaratory action would settle the controversy;
>
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
>
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*;"
>
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
>
> (5) whether there is an alternative remedy which is better of more effective.

*Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). Assessing these factors in this case indicates "the better exercise of discretion" is to decline jurisdiction and dismiss the action in favor of the Indiana state court proceedings. *Brillhart*, 316 U.S. at 494.

A.

The first *Grand Trunk* factor concerns whether the declaratory judgment would settle the controversy. Two lines of Sixth Circuit precedent address this factor – one line concluding a declaratory judgment on an insurer's policy liability is appropriate even though it does not help

3

resolve the underlying state court action; the other line finding district courts should decline jurisdiction because clarifying the legal relationship between the insured and insurer does not settle the ultimate controversy. *Flowers*, 513 F.3d at 555.

The *Flowers* court attributed the differences between these precedents to competing policy considerations and the particular factual scenarios of the cases. *Id.* The key distinguishing fact was whether the plaintiff insurance company was a party to a state court action that would determine the insurance coverage issue. *Id.* at 556; *see also id.* at 558 and 560 (noting importance of this fact under the third and fourth *Grand Trunk* factors). For example, the district court in *Flowers* appropriately heard the declaratory action because the scope of the insurance policy was the only controversy between the parties and "the issue was not and could not be considered in the state court action because [the insurance company] was not a party to that action." *Id.* at 556. In contrast, Netherlands is a party to the Indiana state court action, where the same issue of the pollution exclusion clause in the CGL policy is disputed. A judgment from this Court would not settle the controversy because it is unclear whether Netherlands or IIC is the insurer on the CGL policy, an issue the Indiana state court will resolve.

This Court is not in a comparable position as the state court to decide that preliminary issue because IIC cannot be a party to this action without destroying diversity between the parties. Furthermore, even if Netherlands is the insurer on the CGL policy, a denial of coverage could trigger IIC's liability under the umbrella policy. *See Triplett Striping, Inc. v. Indiana Ins. Co.*, 1:11-CV-1444-WTL-TAB, slip op., at *4 (S.D. Ind. Jan. 5, 2012) ("If Netherlands prevails, the state court will then have to decide whether IIC has an obligation to indemnify or defend"). The Court concludes the first factor weighs toward declining jurisdiction.

B.

The second factor is whether a judgment in the declaratory action would be useful in clarifying the legal relations in issue.  This factor is based on the "desire for the declaratory judgment to provide a final resolution of the discrete dispute presented."  *Flowers*, 513 F.3d at 557.  Even if this Court assumed Netherlands was the insurer of the CGL policy and issued a judgment on whether the policy required defense or indemnity of the Thorntons claim, that judgment would have limited usefulness because the Indiana state court will decide the same issue.  Were this Court to agree with the Indiana state court, then its decision would be superfluous; were it to contradict the state court decision, then the legal relations in issue would be no more clarified.  *See Bituminous*, 373 F.3d at 814.  This factor counsels declining jurisdiction.

C.

The third factor is whether "procedural fencing" or a race for *res judicata* is motivating the declaratory action.  The Sixth Circuit gives plaintiffs in declaratory actions "the benefit of the doubt that no improper motive fueled the filing of [the] action" when they file their claims after the state court litigation has begun.  *Flowers*, 513 F.3d at 558 (quoting *Bituminous,* 373 F.3d at 814).  Here, Netherlands filed its action before any litigation began in state court.  More significantly, Netherlands and IIC have the same corporate parent, Liberty Mutual, that sent an early letter to Triplett indicating IIC was the insurer on the CGL policy and that coverage under the policy may depend on whether Kentucky or Indiana law applied.  In this context, Netherlands' filing a declaratory action in a Kentucky federal court to interpret an insurance policy held by an Indiana resident raises concerns as to "procedural fencing."  On the other hand,

5

the underlying accident at the heart of this insurance dispute occurred in the Western District of Kentucky.  One cannot say that Netherlands' motivation for suing in this Court was improper.

D.

The fourth *Grand Trunk* factor is whether the declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction.  As noted above, exercising jurisdiction could produce a judgment conflicting with an Indiana state court decision on the same issue.  Netherlands notes that there is not yet an underlying liability lawsuit and concludes that proceeding with this action will not raise federalism concerns.  Netherlands' position ignores the distinct state interests at issue here.  Kentucky has an interest in protecting the rights of its resident, Thorntons, as an alleged tort victim and Kentucky tort law is the vehicle by which the state achieves such protection.  Netherlands is correct that resolution of its declaratory action would not necessarily trench upon Kentucky's jurisdiction or produce any friction between federal and Kentucky state courts.

However, Indiana also has an interest directly at issue in this declaratory action.  The insured, Triplett, is an Indiana resident and thus Indiana has an interest in regulating the insurance contract.  *See Flowers*, 513 F.3d at 561 (quoting *Bituminous*, 373 F.3d at 815 ("states regulate insurance companies for the protection of their residents") (internal quotations omitted)).  An Indiana state court is "best situated to identify and enforce the public policies that form the foundation of such regulation."  *Id.*  Entertaining Netherlands' suit for declaratory judgment would encroach upon Indiana's jurisdiction and the specter of inconsistent judgments would increase friction between federal and Indiana state courts.

The Sixth Circuit regularly considers three additional "sub-factors" when assessing

6

friction between federal and state courts:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
>
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)).  All of these sub-factors counsel declining jurisdiction in this case. The nature of the kerosene leak and the type of damage it caused are factual issues likely to inform the decision as to whether the pollution exclusion clause, if enforceable, applies to the Thorntons claim.  Exercising jurisdiction is inappropriate where "resolution of the issue raised in federal court will require making factual findings that might conflict with similar findings made by the state court." *Flowers*, 513 F.3d at 560.  A state trial court is likely better-suited to make the necessary factual determinations and both the factual and legal issues involved are tied to state law.  The dispute appears to present no issue of federal common or statutory law.  The Court finds the prospect of increasing federal-state friction weighs toward declining jurisdiction.

E.

The final factor to consider is the availability of better or more effective remedies.  The pending Indiana state court action will resolve all issues as to coverage of the Thorntons claim under both the CGL and umbrella policies, with all parties to the insurance contracts participating in the litigation.  Netherlands' only argument as to this factor, and its primary argument throughout its brief, is that Triplett's Indiana suit was removed to federal court and

7

therefore the availability of better state court remedies is irrelevant.  However, since filing its response to Triplett's motion to dismiss, the Indiana suit was remanded to state court, undermining the fundamental premise of Netherlands' argument.  The Court finds the final factor weighs in favor of declining jurisdiction.

III.

The *Grand Trunk* factors lead this Court to conclude that it should exercise its discretion to decline jurisdiction over Netherlands' declaratory judgment action.  Netherlands' argument for this Court retaining jurisdiction is that IIC is not a proper party to the dispute and Triplett's suit in Indiana belongs in federal court, where it should then be transferred and consolidated with this action.  The U.S. District Court for the Southern District of Indiana disagreed and remanded Triplett's suit to Indiana state court.  The Court finds the best use of discretion here is to abstain from hearing the declaratory action, allowing a state court to resolve an insurance dispute governed solely by state law without unnecessary interference from a federal court.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is SUSTAINED and Plaintiff's petition for declaratory judgment is DISMISSED WITHOUT PREJUDICE.

cc:      Counsel of Record

8